


GREENBERG TRAURIG, LLP
SCOTT G. LAWSON (SBN 174671)
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
T: (415) 655-1300
F: (415) 707-2010
lawsons@gtlaw.com

GREENBERG TRAURIG, LLP
ALANA R. CHIMES (SBN 254730)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
T: (949) 732-6500
F: (949) 732-6501
chimesa@gtlaw.com

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNIVERSAL OPERATIONS RISK MANAGEMENT, LLC, EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,<br><br>            Plaintiffs,<br>v.<br><br>GLOBAL RESCUE LLC, and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. 4:11-cv-05969 SBA<br><br>**PLAINTIFFS' OPPOSITION TO GLOBAL RESCUE, LLC'S MOTION FOR ADMINISTRATIVE RELIEF TO VACATE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES AND STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS, TRANSFER, OR STAY**<br><br>[Filed Concurrently with Declaration of Alana R. Chimes; and [Proposed] Order]<br><br>**Complaint Filed: October 31, 2011** |

Plaintiffs Universal Operations Risk Management, LLC, Edward Muhlner, Thomas Bochnowski and Mark Cohon ("Plaintiffs") request that the Court deny defendant Global Rescue, LLC ("GR")'s Motion for Administrative Relief to Vacate Initial Case Management Conference ("CMC") and Related Deadlines and Stay Discovery Pending Resolution of Its Motion to Dismiss, Transfer or Stay.

## I. GR'S REQUEST TO VACATE THE CMC AND RELATED DEADLINES SHOULD BE DENIED.

GR's request to vacate the CMC and related deadlines, such as preparation of a joint case management statement, pending determination of GR's pending motion to dismiss, transfer or stay ("Motion to Dismiss") should be denied. First, these issues have been mooted by the Court's own rescheduling of the Case Management Conference from March 21, 2012 to April 10, 2012. Second, the mere fact that GR has filed a motion to dismiss the action does not justify suspending the case-management process.

### A. GR's Request That The CMC and Related Deadlines Be Vacated Has Been Mooted by The Rescheduling of the CMC.

The CMC in this case was previously scheduled for March 21, 2012. Under the case management schedule originally set by Magistrate Judge Ryu and thereafter adopted by this Court, the deadlines to meet and confer and to file a joint case management statement were February 29, 2012 and March 14, 2012, respectively. (Dkts. ##2 & 17.) On March 9, 2012, GR filed its administrative motion to vacate the CMC and stay discovery pending determination of GR's Motion to Dismiss. On March 13, the Court continued the CMC to the same date as the hearing on GR's Motion to Dismiss--April 10, 2012. To the extent the Court's rescheduling of the CMC was done in response to or in light of GR's administrative motion, the Court has expressed its desire that the case management procedures be followed in this case and GR's motion with respect to vacating the CMC and CMC-related deadlines is mooted.

### B. GR Has Presented No Facts Justifying Suspending The Normal Case-Management Process.

GR has presented no facts to show that the situation here is sufficiently unique to justify a suspension of the Court's regular case-management procedures. The only justification GR offers for its

1

1  request is that staying the case-management deadlines will save GR "cost, effort and time associated
2  with preparing for the Initial CMC [and] meeting CMC deadlines." (Adm. Motion at 4:3-4). Such an
3  argument could obviously be made by any party in any case in which a motion to dismiss has been filed.
4  That such an argument does not justify a stay is evidenced by the fact that Case Management
5  Conferences in this District are regularly held during the pendency of motions to dismiss. The Local
6  Rules do not contemplate--much less mandate--a stay of case-management procedures in the event a
7  defendant files a motion to dismiss. That GR would save money by not taking the steps required by the
8  standing orders of this District and this Court designed to inform the Court regarding the status of the
9  cases before it is not a justification for delaying or jettisoning those requirements.

10  There is inherent value in informing the Court as to the nature of the claims, the litigation
11  intentions and plans of the parties, and the status of the case generally. For example, as Plaintiffs'
12  counsel informed GR's counsel on March 9, 2012, Plaintiffs intend to amend their complaint to include
13  at least one new claim. In that same conversation, to keep this case moving and avoid any delay,
14  Plaintiffs' counsel offered to stipulate to an expedited schedule for briefing any additional issues raised
15  by the amended pleading that might implicate the matters at issue on GR's current Motion to Dismiss.
16  These are precisely the kinds of pleading and scheduling matters of which the Court should be made
17  aware through the case-management process.

18  Finally, GR's professed concern about wasting resources does not, apparently, extend to the
19  resources of parties other than GR. As GR is well-aware, Plaintiffs have already spent time and money
20  in preparing for the CMC in this case, per this Court's orders setting the conference. To comply with
21  the deadline to meet and confer in this action by February 29, 2012 (Dkts. #2-17), Plaintiffs' counsel
22  arranged a telephonic meet and confer with GR's counsel on February 29, 2012. (Declaration of Alana
23  R. Chimes ("Chimes Decl.") ¶2.) In preparation for the meet and confer, Plaintiffs' counsel sent GR's
24  counsel a draft of the Joint Case Management Conference Statement. (*Id*.) During the telephonic meet
25  and confer, GR's counsel stated that they needed time to think about GR's position on case
26  management, and that they would provide a redline of their changes to the case management statement
27  to Plaintiffs' counsel by Friday, March 2, 2012. (*Id*.) GR's counsel did not, however, make any
28  mention of a request for a continuance of the CMC or a stay of discovery. (*Id*.) On Wednesday, March

OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO VACATE INITIAL CMC AND STAY DISCOVERY
*BOS 46,905,577v3*

7, 2012, having not received from GR the redline of the Joint CMC Statement, Plaintiffs' counsel inquired as to the status of the redline. (Chimes Decl. ¶3.) In response, GR requested for the first time that Plaintiffs stipulate to: (1) vacating the CMC pending resolution of the Motion to Dismiss *or* moving the hearing on GR's Motion to Dismiss to an earlier date, and (2) staying all discovery pending resolution of the Motion to Dismiss. (Id.)

In the interests of cooperation, during further meet-and-confer discussions on March 9, 2012, Plaintiffs' counsel told GR's counsel that Plaintiffs were willing to consider GR's request to move up the hearing on GR's Motion to Dismiss. (Chimes Decl. ¶4.) Plaintiffs' counsel advised GR's counsel, however, that they intended to file a Second Amended Complaint adding a claim for fraudulent inducement, which would potentially affect the timing of the briefing and hearing on the Motion to Dismiss, and that, if GR were amenable to stipulate to the filing of an amended pleading, Plaintiffs would be willing to stipulate to an expedited schedule for any additional briefing that might be required to address any new issues raised by the amended pleading that would implicate the issues on the extant motion to dismiss, transfer or stay the action. (*Id*. ¶4.) Plaintiffs' counsel informed GR's counsel that Plaintiffs would provide GR with a proposed Second Amended Complaint this week. (Id. ¶4.)

Plaintiffs have already incurred costs associated with complying with the Court's order regarding case management, and any cost savings would inure primarily to GR's benefit, while depriving Plaintiffs of an opportunity to update the Court on the status of the matter and a proposed litigation schedule. That, following Plaintiffs' incurring these costs and a full week after the parties met and conferred, GR decided that, rather than comply with the case-management schedule, it instead wanted to stay all activity in the case other than its own Motion to Dismiss, does not justify the one-sided relief sought here.

## II. AN "ADMINISTRATIVE MOTION" IS NOT A PROPER MEANS FOR REQUESTING A STAY OF DISCOVERY AND NO SUCH STAY IS WARRANTED.

GR's attempt to use this administrative motion as a shortcut to obtain a stay on discovery and avoid filing a regularly noticed motion for protective order should be denied. An administrative motion is not the appropriate vehicle to seek a stay on discovery. An administrative motion is appropriate for requests relating to "miscellaneous administrative matters, *not otherwise governed by* a federal statute,

Federal or local rule or standing order of the assigned judge." L.R. 7-11 (Emphasis added). The Federal Rules of Civil Procedure provide that a motion for a protective order is the appropriate mechanism for seeking relief from the obligation to respond to discovery requests. *See* Fed. R. Civ. Proc. 26(b)(C). Because GR seeks relief from responding to Plaintiffs' discovery requests, the appropriate mechanism for relief is a motion for protective order per Rule 26(b)(C) of the Federal Rules of Civil Procedure. Additionally, any such motion must be directed to Magistrate Judge Ryu, who has been assigned to address all discovery matters in this case, rather than to this Court.

Even if, for argument's sake, this administrative motion were the correct procedure for seeking a stay of discovery, the motion lacks merit on substantive grounds. Discovery regularly moves forward while motions to dismiss or other dispositive motions are pending. "Had the Federal Rules contemplated that a motion to dismiss … would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (denying motion for stay of discovery pending motion to dismiss). "A party seeking a stay of discovery carriers the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).)

GR has failed to meet this heavy burden. GR premises its request for a stay of discovery on the theory that discovery would be a waste of time *in the event that the Court grants GR's Motion to Dismiss*, which GR speculates is likely. Although courts have latitude under Federal Rule of Civil Procedure 26(c) to issue protective orders for "good cause," "[i]dle speculation" as to whether a motion to dismiss will be granted "does not satisfy Rule 26(c)'s good cause requirement." *Gray*, 133 F.R.D. at 40. "Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding on the likelihood of success on the motion. This would circumvent the procedures for the resolution of such a motion." *Turner Broadcasting Systems v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (denying motion for stay of discovery pending motion to dismiss in interest of moving case forward). GR's request is based entirely on speculation and is nothing more than an improper attempt to seek an early resolution of its Motion to Dismiss without following the appropriate procedures. What GR really wants is an expedited ruling on its Motion to Dismiss, which GR must request via a motion to change time pursuant to Local Rule 6-3.

OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO VACATE INITIAL CMC AND STAY DISCOVERY
*BOS 46,905,577v3*

Plaintiffs desire a speedy resolution of this case and do not want to delay discovery based on the mere possibility of the Court granting GR's Motion to Dismiss. If the Court were to stay discovery and then deny GR's Motion to Dismiss, Plaintiffs will have lost valuable time in which to conduct discovery and the duration of this case will have been unnecessarily prolonged.

### III. GR IS IMPROPERLY ATTEMPTING TO USE THIS ADMINISTRATIVE MOTION TO GAIN A LITIGATION ADVANTAGE IN ITS LATER-FILED ACTION IN MASSACHUSETTS.

GR's administrative motion is an improper attempt to use an administrative request to prevent this first-filed action from progressing further than GR's second filed action. GR knows that in determining which court should have priority in two-front litigation, courts consider which action has progressed further. At the Case Management Conference, this Court will presumably set a trial date, deadlines for discovery and motions, and all other important dates. Plaintiffs wish to move this action toward disposition and have therefore attempted to comply with the case-management requirements of this Court. GR, by contrast, cynically seeks to use this administrative request to bring this first-filed action to a standstill, so it can turn around and argue to the Massachusetts District Court that the California action is not being aggressively prosecuted. This is not a proper or legitimate use of an administrative motion and the motion should be denied.

DATED: March 13, 2012                          GREENBERG TRAURIG, LLP


By: /s/ Alana R. Chimes
    SCOTT G. LAWSON
    ALANA R. CHIMES
    Counsel for Plaintiffs